Argued and submitted July 30, affirmed October 16, 2002

In the Matter of the Marriage of

Jeanine Marie RUBEY,
*Respondent,*
*and*

Kevin Vernon RUBEY,
*Appellant.*

95-1428-D-3; A114352

56 P3d 471

Douglas J. Richmond argued the cause for appellant. With him on the briefs were Matthew Sutton and Kellington, Krack, Richmond, Blackhurst & Sutton, LLP.

Clayton C. Patrick argued the cause and filed the brief for respondent.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

KISTLER, J.

**KISTLER, J.**

Husband appeals from the trial court's post-judgment order holding that his obligation to pay spousal support ended on February 23, 2000, and that a corresponding adjustment to child support should be made as of that date. We affirm.

In 1996, the trial court entered a judgment dissolving the parties' marriage. The judgment directed husband to pay wife spousal and child support. On March 19, 1998, husband moved to terminate his spousal support obligation. On May 18, 1998, wife responded that the trial court should not terminate spousal support but added that, "[i]f spousal support is modified, child support should be increased." In July 1998, the trial court reduced but did not terminate husband's obligation to pay spousal support. It also made a corresponding adjustment to his child support obligation.

Husband appealed, arguing that his obligation to pay spousal support should have been terminated. *Rubey and Rubey*, 165 Or App 616, 620, 996 P2d 1006 (2000). We agreed with husband that spousal support should be terminated, but we declined to make our ruling retroactive to the date of his motion to terminate. *Id.* at 623 n 9. On remand, the parties disagreed as to when husband's obligation to pay spousal support ended. The trial court ruled that husband's obligation to pay spousal support ended on the effective date of our opinion, February 23, 2000. It also ruled that "the termination of spousal support requires a recomputing of the child support previously set. That modification should be effective at the time spousal support ends" on February 23, 2000.

On appeal, husband challenges both of the trial court's rulings. He argues initially that the trial court misinterpreted our decision when it ruled that his obligation to pay spousal support did not end until February 23, 2000. The trial court correctly interpreted our opinion, and we affirm its ruling on that issue without further discussion.

Husband also argues that the trial court erred in modifying child support retroactively. His argument runs as

follows: Although his obligation to pay spousal support ended on February 23, 2000, wife did not file a motion to modify child support until February 13, 2001. The trial court modified child support but did so retroactively to February 23, 2000. Husband reasons that ORS 107.135(6) precluded the trial court from modifying the child support payments that accrued between February 23, 2000 and February 13, 2001.[1]

Wife does not dispute that, in the absence of a motion to modify child support, ORS 107.135(6) precluded the trial court from retroactively modifying the child support payments that accrued between February 23, 2000 and February 13, 2001. She argues, however, that "a recalculation of child support must necessarily and automatically flow from a termination or reduction of spousal support." As we understand her argument, she contends that implicit in husband's motion to terminate spousal support was a motion to modify child support and that that implicit motion was sufficient to satisfy ORS 107.135(6).

We need not decide whether wife's argument is correct because we conclude that husband's argument rests on an incorrect premise. Husband's argument is based on the proposition that wife did not ask the court to modify child support until February 13, 2001. However, when husband filed a motion to terminate spousal support on March 19, 1998, wife responded on May 18, 1998, that, "[i]f spousal support is modified, child support should be increased." That response served as a motion "to set aside, alter, or modify the decree" for the purposes of ORS 107.135(6). Accordingly, when the trial court modified but did not terminate spousal support in July 1998, it made a corresponding adjustment in husband's child support obligation. When husband appealed and we ordered that his spousal support should be terminated effective February 23, 2000, we were acting on the issue that husband's March 19, 1998, motion initiated. Wife

---

[1] ORS 107.135(6) provides, in part:

"The decree is a final judgment as to any installment or payment of money that has accrued up to the time either party makes a motion to set aside, alter, or modify the decree, and the court does not have the power to set aside, alter or modify such decree, or any portion thereof, that provides for any payment of money, either for minor children or the support of a party, that has accrued prior to the filing of such a motion."

had already filed a response to that motion, asking that child support be increased if husband's spousal support obligation were modified. That response was sufficient, under ORS 107.135(6), to authorize the trial court to recalculate child support and make its calculation retroactive to the date that spousal support was terminated.

Affirmed.